UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>    Defendants. | 1:15-cv-00301-EPG-PC<br><br>ORDER FINDING COGNIZABLE CLAIMS<br><br>ORDER FOR PLAINTIFF TO EITHER:<br><br>  (1)  FILE AN AMENDED COMPLAINT,<br><br>  (2)  NOTIFY COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS GONZALES, PEREZ, AND JOHNSON FOR CONSPIRACY AND RETALIATION<br><br>OR<br><br>  (3)  NOTIFY COURT THAT HE STANDS ON THE COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS CONSISTENT WITH THIS ORDER<br><br>THIRTY-DAY DEADLINE |

**I.   BACKGROUND**

Plaintiff John C. Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint commencing this action on February 25, 2015.[1] (ECF No. 1.)  In that complaint,

---

[1] On March 9, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff asserts that correctional officer defendants planted a cellphone charger in his cell in retaliation for Plaintiff exercising his freedom of speech at a prison-sanctioned meeting with the warden, during which Plaintiff complained about those correctional officers.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

///

///

### III. SUMMARY OF COMPLAINT

The events at issue in Plaintiff's Complaint allegedly occurred at Corcoran State Prison (CSP) when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Sergeant J. Gonzales, Correctional Officer (C/O) D. Perez, C/O B. Johnson, and C/O R. Roque (collectively, "Defendants"). Defendants were all employed by the CDCR at CSP during the relevant time. Plaintiff's allegations follow.

Plaintiff alleges that on June 26, 2014, he attended a meeting with the Warden, his administrative staff, and the inmate-constituted Men's Advisory Council ("MAC"). The MAC is a lawfully constituted and legally mandated group of inmate liaisons to meet with prison officials to discuss issues concerning the prison population.

After addressing various agenda items, the Warden opened the floor to an "open forum," in which an inmate Bowlin and also Plaintiff discussed a number of complaints from the prison population. One complaint concerned misconduct on the part of facility 3A staff involving excessive use of force. Plaintiff specifically complained regarding conduct of defendants Sergeant J. Gonzales and C/O B. Johnson.

On June 29, 2014, Defendants Gonzales, Johnson and Perez searched Inmate Bowlin's cell, left it in disarray, and confiscated some of his personal property. When asked why defendants had searched Inmate Bowlin's cell, Defendant Gonzales replied, "Go complain about that at your next Warden's meeting." (ECF No. 1 at 5.)

Defendants Gonzales, Johnson and Perez then went to Plaintiff's cell, escorted Plaintiff to the shower, stripped him naked, and proceeded to search Plaintiff's cell. Defendants Gonzales, Perez, and Johnson left after thirty minutes with a bag of trash and an extension cord.

Later that day, defendant R. Roque generated a cell search receipt, which claimed that defendant Roque had searched Plaintiff's cell and confiscated contraband including an altered extension cord and cellphone charger. When confronted, Defendant Roque claimed he had nothing to do with the cell search receipt and had not participated in the search. Defendant Roque claimed he had only delivered the cell search receipt to Plaintiff.

On July 2, 2014, Plaintiff was issued a Rules Violation Report for possession of a cellphone charger. Plaintiff was initially found guilty, but that finding was vacated by the Chief Disciplinary Officer. Plaintiff was ultimately found not guilty. Defendants never produced any cell phone during the investigation into the Rules Violation Report.

The Rules Violation Report was authored by Defendant Perez. Defendant Perez also asked for Plaintiff to be removed from the MAC.

Defendant Gonzales also intercepted Inmate Bowlin's appeal and summoned Inmate Bowlin to the program office. Defendant Gonzales told Inmate Bowlin that the retaliation was now over for Inmate Bowlin but that Plaintiff "would have to ride his own." (ECF No. 1 at 9.) Defendant Gonzales then replaced Inmate Bowlin's property and tore up Inmate Bowlin's appeal.

## IV. PLAINTIFF'S CLAIMS

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 S. Ct. 983, 989, 991 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

///

///

### A. Retaliation

Retaliation by a state actor for the exercise of a constitutional right is actionable under section 1983. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The prisoner need not demonstrate a total chilling of his First Amendment rights in order to establish a retaliation claim. See id. at 568-69 (rejecting argument that inmate did not state a claim for relief because he had been able to file inmate grievances and a lawsuit). That a prisoner's First Amendment rights were chilled, though not necessarily silenced, is enough. Id. at 569. To prove retaliation, a plaintiff must show that the defendant took adverse action against him that "would chill or silence a person of ordinary firmness from future First Amendment activities." White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (quoting Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999)).

A prisoner's § 1983 retaliation claim must rest on proof that he was retaliated against for exercising his constitutional rights and that the retaliatory action advanced no legitimate penological interest. See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997). The prisoner bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

### B. Analysis

The Court finds that Plaintiff has stated a claim for retaliation against Defendants Gonzales, Perez and Johnson. The allegations in Plaintiff's complaint, construed in Plaintiff's favor and accepted as true for the purposes of screening his complaint, would establish that those three defendants were acting as prison officials and took an adverse action by searching Plaintiff's cell and fabricating evidence regarding contraband because Plaintiff as a prisoner

expressed his opinions about their conduct in an appropriate setting. Although there may be factual questions regarding whether this action chilled Plaintiff's exercise of his rights, the facts indicate that the actions were taken for the purpose of chilling such rights—i.e., stopping Plaintiff from complaining about excessive force by these defendants. Plaintiff's allegations also indicate that the cell search and contraband allegation did not advance a legitimate correctional goal.

That said, the Court does not find that Plaintiff has stated a retaliation claim against Defendant Roque. The complaint alleges that Defendant Roque delivered a cell search receipt indicating contraband, but denied any involvement besides delivering the receipt. Those facts alone do not set out a violation of constitutional rights or an intent to chill Plaintiff's constitutional rights.

### C. Conspiracy

Plaintiff alleges that Defendants Gonzales, Perez, Johnson, and Roque conspired together to retaliate against him. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share
///

the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has alleged facts supporting the allegation that Defendants Gonzales, Perez, and Johnson entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. However, Plaintiff fails to allege sufficient facts demonstrating that defendant Roque entered into an agreement to retaliate against Plaintiff for exercising his First Amendment rights.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint states cognizable claims against Defendants Gonzales, Perez, and Johnson for conspiracy to retaliate and for retaliation against Plaintiff for the exercise of a First Amendment right. However, Plaintiff fails to state any claim against Defendant Roque.

Plaintiff shall be required to either file an Amended Complaint, or notify the Court of his willingness to proceed only on the conspiracy and retaliation claims against Defendants Gonzales, Perez, and Johnson as found cognizable by the Court. Should Plaintiff choose to proceed only on the cognizable claims, the Court will begin the process to initiate service upon Defendants Gonzales, Perez, and Johnson.

Should Plaintiff choose to amend the complaint, the Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after the original Complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. In addition, Plaintiff should take care to include only those claims that were administratively exhausted before he filed the initial Complaint on February 25, 2015.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    (1) File an amended complaint curing the deficiencies identified in this order,
    (2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the cognizable conspiracy and retaliation claims against defendants Gonzales, Perez, and Johnson discussed above, or
    (3) Notify the Court in writing that he stands on the Complaint as filed, subject to dismissal of claims consistent with this order;

///

///

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-0301-EPG-PC; and

4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **April 11, 2016**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE