UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>J. GONZALES, et al.,<br><br>    Defendants. | 1:15-cv-301-LJO-EPG<br><br>MEMORANDUM DECISION AND ORDER RE OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (Doc. 17) |

## I. INTRODUCTION

Defendants J. Gonzales, D. Perez, and B. Johnson, correctional officers at Corcoran State Prison ("CSP"), a prison run by the California Department of Corrections and Rehabilitation ("CDCR"), object under Federal Rule of Civil Procedure 72(a)[1] to the Magistrate Judge's July 19, 2016 Order (Doc. 16, the "Order" or "the Magistrate Judge's Order"). Doc. 17.[2] For the following reasons, the Court VACATES the Order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a prisoner at CSP, filed this civil rights case under 28 U.S.C. § 1983. Doc. 1. The Magistrate Judge screened his complaint and found he stated cognizable claims. Doc. 9. The case therefore proceeded to discovery. *See* Docs. 11, 16.

In the Order, issued shortly after Defendants filed their answer, the Magistrate Judge required the parties to make initial disclosures and described the nature of the disclosures required. *See* Doc. 16 at 1.

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

[2] Plaintiff responded to Defendants' objections and has no objection to the Magistrate Judge's Order. Doc. 18. The Court need not address his response to resolve Defendants' objections.

1

Specifically, the Order requires Defendants to

> provide to Plaintiff copies of all documents and other materials in the possession, custody, or control of any Defendant(s) or [CDCR] related to the claims and defenses in this case. Such documents and materials shall include, but are not limited to, (a) documents and materials upon which Defendant(s) rely in support of their defense of the action, (b) grievances, responses, and appeals thereof, determinations of grievances and appeals, and (c) reports of completed investigations by CDCR or others.

Doc. 16 at 2. The Order further provides that

> Defendant(s) do not need to provide copies of documents that are available to Plaintiff upon request, such as documents in Plaintiff's Central File or Medical File. For such documents, Defendant(s) need only describe them in the disclosure with particularity, and note that Plaintiff may obtain the document upon request from the prisoner/CDCR. In lieu of a description, Defendant(s) may provide copies.

*Id.*

Defendants object to these requirements for three primary reasons. Doc. 17. First, Defendants argue that they cannot comply with the Order's requirement that they provide all documents and materials in CDCR's possession, custody, or control. *Id.* at 2. Second, Defendants object to the Order's requiring them to provide all documents "related to the claims and defenses in this case," including "reports of completed investigations by CDCR or others," as (1) impermissibly requiring Defendants "to develop Plaintiff's claim for him" and (2) overbroad and vague. *Id.* at 4. Third, and relatedly, Defendants argue the Order's requiring Defendants either to describe with particularity or provide copies of documents in their disclosures that are equally available to Plaintiff will impermissibly require Defendants to expend their own time and resources doing so. *Id.* at 5-6.

### III. DISCUSSION

The Court may modify or set aside the Magistrate Judge's Order only if it is "clearly erroneous or contrary to law." Rule 72(a); 28 U.S.C. § 636(b)(1)(A).

**1. Applicability of Rule 26(a)'s constraints in exempt cases**

Because Plaintiff is a pro se prisoner, this case is exempt from initial disclosures. *See* Rule 26(a)(1)(B)(iv). Nonetheless, the Court can still order the "exchange of similar information in managing

2

1  the action under Rule 16." Rule 26, Advisory Committee Note, 2000 Amendments. The Magistrate
2  Judge therefore may order Rule 26 initial disclosures, despite the fact that this case is exempt from
3  automatic initial disclosure obligations. *See United States v. Real Property Known as 200 Acres of Land*,
4  773 F.3d 654, 661 (5th Cir. 2014). Defendants therefore do not and cannot dispute that they have certain
5  Rule 26 initial disclosure obligations pursuant to the Magistrate Judge's Order.
6       Although courts may order some or all of Rule 26(a)'s enumerated disclosures in exempt cases,
7  *see id.*, the Court is unable to locate any decision that has addressed the issue of whether courts are
8  <u>confined</u> by Rule 26's parameters when requiring initial disclosures in a case, such as this one, that is
9  exempt from Rule 26(a)'s default initial disclosure mandate. It appears this is an issue of first impression
10 for any federal court. In the Court's view, the Advisory Committee's explanation that the Court can
11 order the "exchange of similar information" in cases exempt from mandatory initial disclosures—the
12 only remotely helpful indication on this issue—is best understood as permitting the Court to order the
13 parties to provide initial disclosures only in a manner consistent with Rule 26(a). In other words, if a
14 court orders initial disclosures in an exempt case, it is bound by the confines of Rule 26 and decisions
15 interpreting the Rule. To interpret the language differently would allow the exemption to swallow the
16 Rule.
17      In this otherwise exempt case, the Magistrate Judge's Order goes beyond the scope of normal
18 Rule 26 disclosures. The Court notes that the Order gives no reason for requiring Rule 26 disclosures in
19 this case or expanding the scope of required disclosures beyond the parameters of Rule 26. Even if such
20 reasons were given, the Order is contrary to law for the reasons set forth below.
21    **2.  Scope of Defendants' Rule 26 obligations**
22      Defendants challenge the scope of the Order in various ways. First and foremost, Defendants
23 maintain they are unable to comply with the Order to the extent it requires them to produce documents
24 under CDCR's exclusive possession, custody, and control. Because Defendants have a duty to disclose
25 documents in their actual possession or custody, regardless of their legal entitlement to them, *see Allen*

3

*v. Woodford*, No. CV-F-05-1104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007), the issue, then, is the scope of their duty to provide documents within their "control."[3]

In the context of Rule 26, "[c]ontrol is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Defendants therefore have no obligation to produce documents that they have no legal right to obtain (from CDCR or otherwise), and should not be expected to do so. "Ordering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents." *In re Citric Acid Litig.*, 191 F.3d 1090, 1108 (9th Cir. 1999).

Second, Defendants object to the Magistrate Judge's Order requiring them to produce all documents "*related* to the *claims* and defenses in this case." Doc. 16 at 2 (emphasis added). Defendants assert this requirement is contrary to what Rule 26 requires because Defendants need only produce documents they intend to use for their defense, and need not produce anything that might be related only to Plaintiff's claims that they do not intend to use.

The Court agrees. Rule 26's initial disclosure requirements provide that a party must disclose various discoverable information that it "may use to support its claims or defenses." *See* Rule 26(a)(1)(A)(i)-(ii). By its plain language, Rule 26 requires Defendants to disclose information related only to their defenses, not Plaintiff's claims. *See id.* As the Advisory Committee Notes explain, "[t]he [Rule 26(a)(1)] disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support *its* denial or rebuttal of the allegations, claim, or defense of another party." Rule 26, Advisory Committee Note, 2000 Amendments. Rule 26 was amended in 2000 with the explicit purpose of "narrow[ing]" a party's disclosure obligation "to cover *only* information that the disclosing party may use to support its position." *Id.* (emphasis added). Accordingly, due to the 2000

---

[3] The extent to which Defendants have actual possession of or the legal right to possess particular documents from CDCR is not before the Court at this time.

4

Amendments, "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." *Id.*[4]

In sum, Rule 26(a)(1) requires Defendants to disclose, in a manner consistent with the Rule's specifics, only those documents outlined in the Rule that: (1) are within Defendants' actual possession or custody or that they have a legal right to obtain; and (2) they intend to use to support their defense of this case.[5] To the extent the Magistrate Judge's Order requires more, the Order is contrary to law and is VACATED.[6]

**3. CDCR's Rule 26 obligations**

The Magistrate Judge's Order seemingly requires Defendants to obtain and to disclose documents under CDCR's exclusive possession, custody, or control that relate to Plaintiff's claims. Defendants interpret this directive as requiring "CDCR to search across the state for any documents which may be related to Plaintiff's claims." Doc. 17 at 3. Defendants argue that because CDCR is not a party to this case, this Court "lacks jurisdiction over CDCR and cannot make such an order." *Id.* Defendants further argue that the only means by which CDCR can be compelled to produce *any* documents in this case is through a Rule 45 subpoena duces tecum. *Id.*

As a threshold matter, the Court does not read the Magistrate Judge's Order as requiring CDCR to produce initial disclosures. By its plain terms, it requires only Defendants to do so. *See* Doc. 16 at 2

---

[4] Every decision to address the issue that the Court can locate has held that a party need only disclose the documents that it intends to use to support its position. *See, e.g.*, *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-cv-2182-KJM-KJN, 2015 WL 4910468, at *8 (E.D. Cal. Aug. 17, 2015); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 619-20 (C.D. Cal. July 19, 2013) (collecting cases); *Sommer v. United States*, No. 09-cv-2093-WQH (BGS), 2011 WL 4592788, at *10 (S.D. Cal. Oct. 3, 2011); *Ruddell v. Weakley Cty. Sheriff's Dep't*, No. 1:07-cv-1159-JDB-egb, 2009 WL 7355081, at *1 (W.D. Tenn. May 22, 2009); *Scenic Holding, LLC v. New Bd. of Trustees of Missionary Baptist Church, Inc.*, 506 F.3d 656, 669 n.5 (8th Cir. 2007); *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004), *abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006); *Castaic Lake Water Agency v. Whittaker Corp.*, No. CV 00-12613 AHM (Rzx), 2002 WL 34700741, at *12 (C.D. Cal. Oct. 25, 2003); *Gluck v. Ansett Australia, Ltd.*, 204 F.R.D. 217, 222 (D.D.C. Dec. 14, 2001).

[5] As explained above, Defendants may be required to disclose the full range of Rule 26 disclosures if so ordered.

[6] Defendants also argue that the Magistrate Judge's Order impermissibly requires them "to describe [the documents] in [their] disclosure with particularity" or "provide copies" to Plaintiff, even if they are available to Plaintiff. If Defendants intend to use certain documents, they must comply with the Rule's disclosure requirements, regardless of whether or not Plaintiff has access to the documents.

("*Defendant(s)* shall provide to Plaintiff all documents and other materials in the possession, custody, or control of any Defendant(s) or [CDCR]" (emphasis added)). And, as explained above, Defendants need only produce documents in their possession, custody, or control that they intend to use to support their defense of this case. Nonetheless, because Defendants and their counsel, who represent CDCR, are concerned about the scope of Defendants', CDCR's, and counsel's disclosure obligations, and because the issue is an important one to this District, the Court will address the extent to which the Court can order discovery from CDCR as a non-party.

### a. The Court's authority over non-parties under the Rules

"The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). "Some rules, such as Rule 36, permit discovery only from a party, while others permit discovery from nonparties, but may impose additional burdens." *Id.*

Rule 26 only applies to parties; it makes no mention of non-parties. Likewise, the discovery procedures outlined in Rule 34 are available only to parties. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) ("Rule 34 may not be used to discover matters from a nonparty."). But Rule 34(c) notes that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."

Rule 45, in turn, applies to "persons," not parties. "Person" is broader than "party"; it encompasses both parties and non-parties. *See* Rule 45, Advisory Committee Note, 2013 Amendments ("In Rule 45(a)(1)(D), 'person' is substituted for 'party' because the subpoena may be directed to a nonparty."). Unlike other Rules, Rule 45 and its Advisory Committee Notes are "replete with references to non-parties." *United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 589 (D.N.M. May 13, 2015) (quoting *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. July 24, 1996)). For instance, the 1991 Amendments explain that "[t]he non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to

Rule 34." For that reason, a Rule 45 subpoena duces tecum is "the usual means for discovery of documents from nonparties." *Newton v. Nat'l Broadcasting Co., Inc.*, 726 F.2d 591, 592 (9th Cir. 1984) (citing Rule 45(b)). And because Rule 45 is the only discovery-related Rule that pertains to non-parties, numerous courts have held explicitly that a Rule 45 subpoena is required to obtain discovery from a non-party.[7]

All of these cases, however, concerned a <u>party's</u> ability to obtain discovery from a non-party. None of them addressed the extent of a <u>district court's</u> authority to order discovery in the absence of any party request, so none of them addressed the issue of whether the Court can sua sponte order a non-party to produce Rule 26 initial disclosures. As noted, only parties have initial disclosure obligations under Rule 26; the Rules are silent as to whether the Court has the authority to order non-party initial disclosures. The question, then, is whether the Court nonetheless has that authority, despite that silence.

### b. The Court's inherent authority to order initial disclosures from non-parties

Courts have certain inherent authority "governed not by rule or statute but by the control necessarily vested in [them] to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (footnote omitted). Among other things, this Court has "substantial inherent power to control and to manage its docket," *Strandell v. Jackson Cty., Ill.*, 838 F.2d 884, 886 (7th Cir. 1987), and has "wide discretion in controlling discovery."

---

[7] *See, e.g.*, *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *19 (D.N.M. Apr. 1, 2016) (collecting cases); *Kitchens v. Tordsen*, No. 1:12-cv-105-AWI-MJS (PC), 2015 WL 1011711, at *1 (E.D. Cal. Mar. 5, 2015) ("[T]he proper means of obtaining information from a non-party is through a subpoena."); *Baranski v. United States*, No. 4:11-cv-123 CAS, 2014 WL 7335151, at *8 (E.D. Mo. Dec. 19, 2014) ("Rule 34(c) provides that production of documents from a nonparty can be compelled only in accordance with Rule 45."); *Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, No. 06-cv-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014); *Etienne v. Oyake*, 347 F. Supp. 2d 215, 220-21 (D.V.I. 2004) (holding that Rules 26-37 do not permit non-party discovery and noting that "[w]here discovery is sought from a non-party, the court's subpoena power may be invoked pursuant to Rule 45"); *Lehman v. Kornblau*, 206 F.R.D. 345, 346-47 (E.D.N.Y. 2001); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("Rule 34(c) explicitly makes the subpoena process of Rule 45 the route to compelling production of documents from nonparties"); *In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991) ("As a nonparty, he had no duty to appear at the deposition or to produce documents. Without valid subpoenas, the bankruptcy court could not force him to produce the documents."); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975) ("If the person is a non-party, production of documents can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1)."); *Hickman v. Taylor*, 329 U.S. 495, 502-04 (1947) (holding request for documents under party's attorney's exclusive control could only be compelled via Rule 45 subpoena); *see also Jules Jordan*, 617 F.3d at 1158 (noting that non-party can be deposed only by subpoena).

*Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Inherent powers, however, "must be exercised with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), and used only when necessary. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1412 (5th Cir. 1993) ("The ultimate touchstone of inherent powers is necessity.").

Although "a long line of cases establishes that the Rules are not always the exclusive source of a federal court's powers in civil cases," *id.* at 1407-08, they are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule[s'] mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988).[8] But "a federal court may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress," *id.* at 254 (citation and quotation marks omitted), though it "may not exercise its inherent authority in a manner inconsistent with [the Rules]." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (en banc). "[T]he mere absence of language in the federal rules specifically authorizing or describing a particular judicial procedure should not, and does not, give rise to a negative implication of prohibition." *Id.* Put another way, "a court may have inherent power to do that which is not specifically provided for in the Rules, [but] it may not do that which the Rules plainly forbid." *Energy Gathering*, 2 F.3d at 1407. "Whatever the scope of this 'inherent power,' . . . it does not include the power to develop rules that circumvent or conflict with the [Rules]." *Carlisle v. United States*, 517 U.S. 416, 426 (1996).

In *Link*, for instance, the Supreme Court affirmed the district court's sua sponte dismissal of a case for failure to prosecute after the plaintiff's counsel failed to appear at a pre-trial conference. 370 U.S. at 629. The Court rejected the plaintiff's argument that Rule 41(b) prohibited involuntary dismissals except on motion by the defendant, reasoning that Rule 41(b) "merely authorizes a motion [to dismiss] by the defendant," and therefore did not abrogate the district court's "long . . . unquestioned"

---

[8] That a party is a pro se prisoner does not alter this principle. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

inherent power to dismiss a case sua sponte as a sanction. *Id.* at 630.

The Ninth Circuit used similar logic in its unanimous en banc opinion in *United States v. Grace*, 526 F.3d 499 (9th Cir. 2008), one of its few cases touching on the issue of a district court's inherent authority. In that case, the government argued the district court's order requiring the government to produce a pretrial "finalized list of witnesses" one year prior to trial violated Federal Rule of Criminal Procedure 16. *Id.* at 508. The Ninth Circuit rejected the government's argument, reasoning that although that Rule "does not entitle the defendant to a list of such witnesses . . . by the same token it does not suggest that a district court is *prohibited* from ordering such a disclosure." *Id.* at 511 (emphasis in original). The court observed that the witness list would help the parties and the court to be prepared for trial, which was an exercise of "the essential premise of the court's inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system." *Id.* at 512. The Ninth Circuit further reasoned that the district court's order was permissible because there was "no suggestion that Congress intended to bar district courts from exercising their discretionary authority to order pretrial discovery and disclosures from the government under terms and conditions that courts normally use to manage the fair and efficient conduct of trials." *Id.* The Ninth Circuit therefore joined at least three Courts of Appeals in holding district courts have the inherent authority to order the government to disclose its witnesses before trial. *Id.* at 509-10.[9]

In *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, however, the Seventh Circuit was confronted with a situation that the Rules explicitly prohibited. 867 F.2d 996, 1000-03 (7th Cir. 1989). In that case, the defendant filed a post-judgment "motion for recoupment" in an attempt to recover money it had erroneously paid the plaintiff. *Id.* at 999. At the hearing on the motion, the defendant's counsel explicitly stated that the motion was not a Rule 60(b) motion attacking the judgment. *Id.* at 1000. The Seventh Circuit affirmed the district court's denial of the motion, reasoning that Rule 60(b) explicitly "forbids

---

[9] As the Ninth Circuit noted, a number of Courts of Appeals have agreed district courts have this authority, but did not explain its source. *See Grace*, 526 F.3d at 510.

motions to obtain relief from a judgment other than those made under the Federal Rules." *Id.* at 1002. Because the Rules do not provide for a "motion for recoupment," the district court had no authority to grant the motion. *Id.*

Here, there is no Rule that permits or prohibits courts from ordering initial disclosures from non-parties. The Court nonetheless has the inherent authority "to conduct discovery not recognized by rule or statute." *Energy Gathering*, 2 F.3d at 1408. Among other things, courts have the inherent authority

> to issue such discovery orders as are necessary for a court to determine and rule upon its own jurisdiction, to permit the taking and filing of post-trial depositions, to subpoena witnesses for indigent civil litigants who cannot tender fees, to issue letters rogatory to foreign courts, and to order some forms of discovery in extradition, forfeiture, and habeas corpus proceedings.

*Id.* (footnotes omitted). The Court is unable to locate any decision that directly addresses the issue of whether courts have the inherent authority to order non-party initial disclosures.

But the Fifth Circuit's decision in *Energy Gathering*, the only remotely on-point case the Court can locate, comes close enough. That case concerned a dispute over the extent to which the district court could order a party's attorney, a non-party to the case, to produce documents. *See id.* at 1403-05. The plaintiffs filed suit against their judgment debtor, Crowson, in the Southern District of Texas to recover the millions Crowson allegedly owed them. *Id.* at 1401. After the court entered a default judgment against Crowson, the plaintiffs, attempting to discover more information about Crowson's assets in order to enforce the judgment, served numerous discovery requests on his attorney, Fox. *Id.* Neither Crowson nor Fox was cooperative; both refused to comply with the plaintiffs' requests and the court's orders for the production of documents. *Id.* at 1402-04.

The court eventually ordered Fox to show cause why he should not be sanctioned for, among other things, failing to produce Crowson's records. *Id.* at 1403-04. After the show cause hearing, the court found that "Fox had purposefully withheld documents from the court," and "ordered [him] to produce every document in his possession relating to Crowson or business he had done with Crowson." *Id.* at 1404. The district court did not explain the source of its perceived authority to do so. *See id.* at

10

1405.

Fox appealed, arguing that the Rules "completely describe the federal courts' power over civil procedure," and did not permit the district court's order. *Id.* at 1407. Specifically, he argued that because he was a non-party and because the documents at issue were located in Mississippi, Federal Rules 34 and 45 required that a subpoena for their production issue from a federal district court in Mississippi." *Id.* at 1405. The plaintiffs, on the other hand, asserted that the district court had the inherent authority to order Fox to produce documents. *Id.* at 1406.

The Fifth Circuit disagreed with the plaintiffs. *See id.* at 1408-09. The court first noted that "Rule 69(a) provides that post-judgment discovery 'may' be obtained in the manner provided in the Rules," and "Rule 34(c) provides that a non-party 'may' be compelled to produce documents" under Rule 45. *Id.* at 1408. The Rules therefore "do not purport to define the sole means of obtaining post-judgment document discovery or production from a non-party." *Id.* In other words, the Rules were silent on the issue; they neither prohibited nor permitted the district court's order. *See id.* Further, because the district court did not issue a subpoena and instead simply ordered Fox to produce certain documents, its order "must be justified with reference to something other than Federal Rules 34 and 45." *Id.* The Fifth Circuit therefore addressed the plaintiffs' argument that, despite the Rules' silence on the issue, the district court nonetheless had the inherent authority to issue its order. *Id.* at 1406.

The Fifth Circuit acknowledged that the district court had certain limited power "to conduct discovery not recognized by rule or statute," observing that federal courts "possess[] all of the common law equity tools of a Chancery Court (subject, of course, to congressional limitation) to process litigation to a just and equitable conclusion." *Id.* at 1409 (citation and quotation marks omitted). So the Fifth Circuit suggested that the district court had the inherent authority to order Fox to produce documents—if at all—under its power to issue a "bill of discovery," a common law "chancery tool" that the Supreme Court has described as "the forerunner of all modern discovery procedures." *Id.* at 1409 (citing *Hickman*, 329 U.S. at 514). Recognizing that bills of discovery "could not be used to obtain

documents (or other discovery) from someone who was not a party," the Fifth Circuit therefore concluded that district courts do not have the inherent authority to order non-parties to produce discovery. *Id.*[10]

Despite extensive research, the Court cannot find any authority that suggests the Court has the inherent authority to order Rule 26 initial disclosures from a non-party. Given this, the Court is unable and unwilling to find that it has the inherent authority to order Rule 26 initial disclosures from CDCR (or any non-party). It appears the Court's power to order non-party discovery, if any, is derived exclusively from Rule 45. *See Fisher*, 526 F.2d at 1341 ("If the person is a non-party, production of documents can be compelled *only* by a subpoena duces tecum issued under Rule 45(d)(1)." (emphasis added)).[11] For that reason, the Court must VACATE the Magistrate Judge's Order as contrary to law to the extent it requires initial disclosures from CDCR.[12]

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court VACATES the Magistrate Judge's Order as contrary to law (Doc. 16).

IT IS SO ORDERED.

Dated:   **September 27, 2016**         /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE

---

[10] Although the Fifth Circuit couched its conclusion in terms of a non-party *beyond the district*, its logic applies with equal force to a non-party within the district, such as CDCR in this case. *See Energy Gathering*, 2 F.2d at 1409 ("[T]he bill of discovery could not be used to obtain documents (or other discovery) from someone who was not a party"); *see also* Black's Law Dictionary, *bill of discovery* ("(17c) A bill in equity seeking disclosure of facts *within the opposing party's* knowledge" (emphasis added)). The Court also acknowledges that the Fifth Circuit ultimately concluded the district court permissibly ordered Fox to produce Crowson-related documents because he was not a third party, "but was rather Crowson's attorney of record in [the] case . . . as well as his agent and attorney in other respects." *Energy Gathering*, 2 F.2d at 1409. And though the Fifth Circuit held that "Texas practice and the court's inherent powers combined to authorize" the district court's order, the Fifth Circuit did not explain what that inherent authority was, but did explicitly find a Texas statute and Texas Rule of Civil Procedure, which applied under Rule 69, empowered the court to order Fox to produce certain documents. *See id.* at 1409-10.

[11] The Court notes that CDCR is subject to—and will be required to comply with—Rule 45 subpoenas. *See Allen v. Woodford*, 544 F. Supp. 2d 1074 (E.D. Cal. 2008).

[12] The Court recognizes that this conclusion is at odds with its prior decision in *Van Buren v. Emerson*, No. 1:13-cv-1273-LJO-DLB (PC), 2014 WL 6804056 (E.D. Cal. Dec. 2, 2014), in which the undersigned upheld as lawful an indistinguishable order requiring identical initial disclosures.