1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN C. THOMPSON,                              **Case No.  1:15-cv-00301-LJO-EPG (PC)**

12                          Plaintiff              **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**

13                  v.                               (ECF No. 32)

14    J. GONZALES, ET AL.,

15                          Defendants.

16

17          Plaintiff John C. Thompson is a state prisoner proceeding *pro se* and *in forma pauperis*

18    with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint

19    commencing this action on February 25, 2015. (ECF No.1.) This action is currently proceeding

20    on the First Amended Complaint for claims arising out of Defendants' alleged retaliation against

21    Plaintiff for the exercise of his First Amendment rights. *Id*. On January 5, 2017, Defendants filed

22    a Motion to Compel Responses to Interrogatories (ECF No. 32) pursuant to the Court's

      Scheduling Order (ECF No. 26), which set a discovery status conference for January 19, 2017.

23
          On January 19, 2017, the Court held a discovery status conference. Plaintiff appeared

24    telephonically. Defendants appeared telephonically through counsel Lucas Hennes and Michelle

25    Angus. At the hearing, the parties explained that after Defendants served the Motion to Compel,

26    Plaintiff had further supplemented his responses to Defendants' discovery requests, eliminating

27    several discovery disputes. The Court ruled on the remaining disputes on the record and confirms

28

those rulings here. All supplemental responses required by this order shall be produced no later than **30 days** after the date of this order.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond to discovery or has provided evasive or incomplete responses. The scope of permissible discovery is intentionally broad and can include "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendants have requested an order to compel responses to a number of Plaintiff's responses to Defendant Gonzales' First Set of Interrogatories.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *See, e.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, at *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research to answer an interrogatory, but must make a reasonable effort to respond. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sept. 21, 2007).

**Interrogatory No. 1**

Interrogatory No. 1 requests that Plaintiff "state all persons who were present for" the "open forum" after the June 26, 2014 meeting that is described in Plaintiff's complaint. Plaintiff supplemented his original response to identify individuals present at the meeting, but this response is not entirely responsive to the interrogatory. Defendants' Motion to Compel a further response to this interrogatory is thus GRANTED. Plaintiff shall supplement his response to identify all individuals present for the "open forum" portion of the June 26, 2014 meeting. Any such identification shall include the name, job title, and CDCR number of each individual or a statement that each required piece of information is unknown.

*///*

1

**Interrogatory No. 3**

2       Interrogatory No. 3 asks Plaintiff to provide a "description of all concerns you raised with

3 the Warden" regarding the "criminal use of force by 3A staff, specifically the conduct of

4 defendants J. Gonzales and B. Johnson." The interrogatory also asks Plaintiff to provide the

5 name, date, and state whether a 602 had been filed for any specific incidents of excessive force

6 described. Plaintiff explains that he has supplemented his response to contain some, but not all, of

7 the information he knows that is responsive to this interrogatory. Defendants' Motion to Compel

8 is GRANTED with respect to this interrogatory; Plaintiff must respond to the interrogatory to the

9 fullest extent he is able and should include all the information he has that is responsive to the

10 interrogatory.

**Interrogatory No. 4**

11       Interrogatory No. 4 asks Plaintiff to state all facts in support of the contention that "it is

12 the established policy and procedure that random cell searches are conducted only by assigned

13 building officers." Plaintiff explains that he has provided all the information he has on this subject

14 in his supplemental responses, but that he hopes to obtain additional information through further

15 investigative efforts. The Court thus treats the Motion to Compel a further response to this

16 interrogatory as resolved, but reminds Plaintiff that he has an affirmative obligation to

17 supplement his responses, should he succeed in finding additional information.

18

**Interrogatory No. 5**

19       Interrogatory No. 5 asks Plaintiff to state all facts in support of his contention that

20 "searches conducted by Security Patrol officers and gym observation officers are targeted."

21 Plaintiff provided a response that stated that his general experience supports that contention. The

22 Court GRANTS Defendants' Motion to Compel a further response to this interrogatory. Plaintiff

23 must provide a further response to the interrogatory that explains the *specific* experiences on

24 which he bases the contention in his complaint. If he is unable to provide any specific experiences

25 that support his contention, he should so state in his response to the interrogatory.

26

**Interrogatory No. 7**

27       Interrogatory No. 7 is tied to a response that Plaintiff provided to Defendant Gonzales'

28 Requests for Admissions and requests facts supporting Plaintiff's denial of that request. The

3

Court GRANTS Defendants' Motion to Compel a further response to this interrogatory. Plaintiff shall provide a response that describes whether Defendant Gonzales was present at the meeting described in the Request for Admission.

IT IS SO ORDERED.

Dated:   **January 23, 2017**                     /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

4